IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESHANE J. HOLMES,

    Plaintiff,                              No. CIV S-04-2377 LKK KJM P

    vs.

JEANNE S. WOODFORD, et al.,

    Defendants.                      ORDER

                                  /

          Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants Ponce, Teer, Baker, Ward, Vicente, Baskerville, Castillo and Hoover have filed a motion to dismiss. As provided by this court's May 17, 2005 order, this action currently is proceeding against these defendants based upon a claim of retaliation for plaintiff's exercise of his First Amendment rights.[1] In the May 17, 2005 order, the court also ordered that plaintiff's complaint be served upon defendant Hernandez. However, Hernandez has not yet appeared in this action.

---

[1] In their motion to dismiss, defendants assert that plaintiff has failed to state a claim for violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment. While plaintiff asserts claims for violations of these federal laws in his complaint (Compl. at 22:12-16), the court did not order service of process upon the defendants who have appeared in this action with respect to those claims. See May 17, 2005 Order.

1

The court has reviewed plaintiff's complaint, defendants' motion to dismiss and plaintiff's opposition. For reasons that follow, the court will deny defendants' motion to dismiss and grant plaintiff leave to file an amended complaint.

Plaintiff alleges that the defendants who have brought the pending motion to dismiss retaliated against plaintiff for filing prisoner grievances and/or a lawsuit. Plaintiff alleges that defendants retaliated against plaintiff by either removing him from, or keeping him out of, an electrician apprentice program.

One of defendants' arguments in favor of dismissal concerns a lawsuit initiated by plaintiff against defendant Teer in the Superior Court of Solano County on May 26, 2004. The lawsuit was removed to this court on July 9, 2004.[2] Defendants assert as follows:

> In addition, the record shows that Holmes did not file his lawsuit against Teer until May 26, 2004. Since he had not yet filed a lawsuit, it is impossible for Ponce and Ward to have told Holmes on March 10, 2004, that if he dropped his lawsuit he would be returned to his job and, moreover, they could not possibly have retaliated against Holmes because he had filed the lawsuit.

Mot. at 7:19-23.

In his complaint in this action, plaintiff alleges that after he had been terminated from his apprenticeship, he communicated with defendant Ponce about the possibility of returning. Compl. at 14:7-15:21. The conversation took place on January 28, 2004. Id. Plaintiff alleges that Ponce told plaintiff that if plaintiff dropped his lawsuit against defendant Teer, plaintiff would be allowed to return to his apprenticeship. Id. at 15:19-26.

Plaintiff alleges he had a similar conversation with Ponce and defendant Ward on March 10, 2004. Id. at 18:7-11. Plaintiff was informed that if he were to drop his lawsuit against defendant Teer, he "possibly could return" to his apprenticeship. Id. at 18:12-21. Plaintiff told

---

[2] See Holmes v. Teer, CIV S-04-1308 DFL PAN P. In consideration of a motion to dismiss, the court may take judicial notice of files from other cases. MGIC Indem. Corp. V. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

defendants Ponce and Ward that he would not drop his lawsuit. Id. at 18:19-21. Plaintiff never was reassigned to his apprenticeship. Id. at 18:25-22:11.

From his complaint, it appears that plaintiff did not file any lawsuits related to this action until he filed the state court lawsuit described above on May 26, 2004. If this is true, the events of January 28, 2004 and March 10, 2004 could not have occurred in the manner described by plaintiff. However, in his opposition to defendants' motion to dismiss, plaintiff asserts that he initiated a lawsuit against defendant Teer in the Superior Court of Solano County in November of 2003. Opp'n at 5:1-7. Plaintiff asserts the case was still pending on March 10, 2004. Id. Defendants did not file a reply to plaintiff's opposition.[3]

In light of the foregoing, the court will grant plaintiff leave to file an amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure. It must logically appear from the language of plaintiff's amended complaint that on January 28, 2004 defendant Ponce believed plaintiff had a lawsuit pending against defendant Teer and on March 10, 2004 defendants Ponce and Ward believed plaintiff had a lawsuit pending against defendant Teer, if such was the case. See Fed. R. Civ. P. 11. If plaintiff fails to amend his complaint in the manner identified, his claims arising from the conversations that occurred on those days will be dismissed. If plaintiff fails to file an amended complaint at all, the court will allow defendants to renew their motion to dismiss and the claims arising from the conversations will be dismissed with prejudice.

If plaintiff chooses to amend his complaint, he is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original

---

[3] The court takes judicial notice of the state court case identified by the case number provided by plaintiff in his opposition; the docket for that case indicates that plaintiff did have a case pending against Teer on March 10, 2004. See Holmes v. Teer, Case No. FCS023754 (Solano County Superior Court, filed Mar. 1, 2004).

3

complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim (in addition to the retaliation claim addressed above) and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' September 26, 2005 motion to dismiss is denied without prejudice; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies this order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in defendants being granted leave to renew their September 26, 2005 motion to dismiss.

DATED: July 24, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
holm2377.dwp